Citation Nr: 1702606 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-30 407 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manchester, New Hampshire


THE ISSUES

1. Entitlement to service connection for a lumbar spine disability. 

2. Entitlement to service connection for a bilateral knee condition. 

3. Entitlement to service connection for a left ankle condition. 

4. Entitlement to service connection for a left foot condition. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and spouse


ATTORNEY FOR THE BOARD

A. Lindio, Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, served on active duty from October 1972 to January 1976. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manchester, New Hampshire. 

In August 2006 and October 2009, the Veteran testified at a local RO hearing before the Decision Review Officer (DRO). In November 2012, the Veteran and his wife testified at a Board videoconference hearing before the undersigned Veterans Law Judge. A copy of each hearing transcript is associated with the claims file. 

In May 2014, the Board remanded the appeal to the RO for additional development. In February 2016, the Board granted service connection for headaches and an acquired psychiatric disorder, and remanded claims for the above listed claims, and claims for service connection for a cervical spine disorder, a right hand disorder, and for a total disability rating based on individual unemployability (TDIU), prior to March 16, 2011. 

In April 2016, the RO issued a rating decision granting an acquired psychiatric disorder and headaches, as well as, service connection for a right hand injury, cervical spine arthritis and strain, and a TDIU (effective June 30, 2010). As these matters have not been appealed, they are not currently before the Board. The Board notes that the RO also awarded special monthly compensation, based on housebound criteria (effective March 16, 2011). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The development directed by the Board in its last remand was not accomplished. The law mandates that where the remand orders of the Board or the Courts are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998).

In the May 2014 and February 2016 Remands, the Board requested that the AOJ associate with the record all available service treatment records from the Tripler Army Hospital, Marshfield Medical Building, and the Chessler Army Hospital (between October 1972 and January 1976). The AOJ has not requested or obtained these government records, and has not indicated that such records do not exist or that any further attempts to obtain such records would be futile. As such, the AOJ must obtain those government records, if such records exist.

Additionally, the Board previously remanded to have the AOJ request and associate with the record all outstanding VA treatment records of the Veteran from Brockton, South Weymouth, Bedford, and Manchester VA Medical Centers. While the April 2016 supplemental statement of the case documents that VA medical records have been obtained, from June 2006 to April 2016, those records have not been associated with the claims file. The AOJ must associate all unassociated records with the claims file.

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should obtain any service treatment records from the Tripler Army Hospital, Marshfield Medical Building, and the Chessler Army Hospital (between October 1972 and January 1976) that may exist OR verify that no such records exist and document such finding in the claims file. 

2. The AOJ should obtain any unassociated VA medical records that may exist OR verify that no additional records exist and document such finding in the claims file.

3. After the above development has been accomplished, if, and only if, additional medical records are obtained, refer the case to the April 2016 VA medical opinion provider to review the additional evidence and provide updated medical opinions, if warranted. 

4. Readjudicate the appeal.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
REBECCA FEINBERG 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).